UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FALINE ARNOLD,

        Plaintiff,

    v.                                  ACTION NO. 2:22cv384

HUNTINGTON INGALLS INCORPORATED,

        Defendant.

## ORDER

This matter is before the court on Defendant's Objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Robert J. Krask and pro se Plaintiff's Response to those Objections. See R&R, ECF No. 295; Objs., ECF No. 302; Resp., ECF No. 307. The R&R recommended that Defendant's Motion for Sanctions be denied as to Defendant's request for the sanction of dismissal with prejudice. R&R at 1-29; Mot. Sanctions, ECF No. 232.

For the reasons set forth below, the court **OVERRULES** Defendant's Objections and **ADOPTS AND AFFIRMS IN FULL** the findings and recommendations in the R&R. Accordingly, Defendant's Motion for Sanctions, ECF No. 232, is **DENIED** as to Defendant's request for the sanction of dismissal with prejudice.

## I.  Background

Plaintiff previously worked for Defendant as a Marine Electrician. Third Am. Compl. at 4, ECF No. 52. In this action,

Plaintiff claims that (i) she was sexually harassed by co-workers and retaliated against in violation of Title VII of the Civil Rights Act of 1964; (ii) Defendant violated Plaintiff's rights under the Family and Medical Leave Act; and (iii) Plaintiff was constructively discharged from her employment. See id. at 1-32; see also Op. at 27-28, ECF No. 73 (summarizing the remaining claims in this action).

On March 21, 2025, Defendant filed a Motion for Sanctions, in which it asked the court to dismiss this action with prejudice based on Plaintiff's failure to comply with her discovery obligations and certain court orders. Mot. Sanctions, ECF No. 232; Mem. Supp. Mot. Sanctions, ECF No. 233. Defendant's Motion for Sanctions was referred to Judge Krask for an R&R pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure. Referral Order, ECF No. 260. Thereafter, Judge Krask ordered the parties to submit affidavits and supplemental briefs to clarify certain discovery issues. Order, ECF No. 276; Order, ECF No. 283; Order, ECF No. 287. Judge Krask also held an evidentiary hearing on May 21, 2025, and heard testimony from both Plaintiff and defense counsel regarding the discovery issues. Hr'g Tr., ECF No. 294.

In an R&R entered on May 30, 2025, Judge Krask explained:

Federal Rule of Civil Procedure 37 "gives the district court wide discretion to impose sanctions for a party's failure to comply" with discovery obligations. Mut.

2

Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989). Rule 37(b)(2) authorizes a district court to impose the following sanctions for failure to obey a discovery order: (i) directing that facts be taken as established; (ii) prohibiting designated claims or defenses or the use of certain evidence; (iii) striking pleadings in whole or in part; (iv) staying the case until the default is cured; (v) dismissing the case in whole or in part; (vi) entering default judgment; and (vii) treating the failure to obey an order as contempt of court. Fed. R. Civ. P. 37(b)(2)(A). Rule 37(d)(3) also authorizes imposing the first six sanctions provided in Rule 37(b)(2)(A) if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3).

The Fourth Circuit has adopted a four-part test for determining whether (and, if so, which) Rule 37(d) sanctions are appropriate in a particular case. Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001) (en banc). The district court "must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Id.

R&R at 10-11.

Upon review of Defendant's Motion for Sanctions, all of the parties' related filings, and the testimony provided at the evidentiary hearing, Judge Krask determined that Plaintiff acted in bad faith with respect to her discovery obligations, Plaintiff's actions prejudiced Defendant, and a need existed to deter further noncompliance. Id. at 11-25. Although Judge Krask determined that sanctions were appropriate, he ultimately concluded that the

3

dismissal of this action was unwarranted and that a "lesser sanction of prohibiting the use of certain evidence will be effective to cure [Defendant's] prejudice and deter further noncompliance."[1]  Id. at 27-28.  Thus, Judge Krask recommended that Defendant's Motion for Sanctions be denied as to Defendant's request for the sanction of dismissal with prejudice.  Id. at 28.

Defendant filed Objections to the R&R and Plaintiff filed a Response to Defendant's Objections.  Objs., ECF No. 302; Resp., ECF No. 307.

## II.    **Legal Standard**

Rule 72(b)(3) of the Federal Rules of Civil Procedure provides: "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify, in whole or in part, the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); see 28 U.S.C. § 636(b)(1).

---

[1] Judge Krask issued a separate Opinion and Order ("O&O"), in which he imposed lesser sanctions on Plaintiff due to her discovery-related failures.  See O&O, ECF No. 296.  The "lesser sanctions" involved a limitation on Plaintiff's "use of certain designated matters in support of her claims going forward."  Id. at 3.   In his O&O, Judge Krask provided a detailed list of the documentary evidence that Plaintiff may—and may not—use to support her claims as this action proceeds.  Id. at 3-10.  Plaintiff objected to Judge Krask's O&O; however, the court overruled Plaintiff's objections and affirmed the O&O in full.  Objs., ECF No. 303; Order, ECF No. 305.

4

### III. __Analysis__

Defendant objects to Judge Krask's determination that a sanction less than dismissal is appropriate under the particular circumstances of this case. See Objs. at 1-27. Defendant claims that based on Plaintiff's misconduct, which Defendant summarizes in detail in its Objections, a lesser sanction will be "wholly ineffective and will not deter [Plaintiff] in the slightest." Id. Defendant further claims that a lesser sanction would not adequately address the prejudice that Defendant has already suffered and will likely suffer in the future. Id. at 19-22. Additionally, Defendant argues that Judge Krask could have—and should have—used the court's "inherent power" to dismiss Plaintiff's action. Id. at 8.

The court, having reviewed the record, examined Defendant's Objections in full, and conducted a de novo review of those portions of the R&R to which Defendant objected, agrees with the findings and recommendations set forth in the R&R. While it is clear that Plaintiff failed to comply with discovery obligations and related court orders, acted in bad faith, caused Defendant prejudice, and should be deterred from further noncompliance, the court finds it appropriate to impose sanctions less drastic than dismissal. See Belk, 269 F.3d at 348. Additionally, although Defendant correctly notes that the court has the inherent authority to dismiss an action as a sanction for a party's litigation

5

misconduct, the court finds that it need not do so here. <u>See</u> <u>United States v. Shaffer Equip. Co.</u>, 11 F.3d 450, 462 (4th Cir. 1993) (recognizing that "orders dismissing actions are the most severe" and noting that "such orders must be entered with the greatest caution").

Accordingly, the court **OVERRULES** Defendant's Objections and **ADOPTS AND AFFIRMS IN FULL** the findings and recommendations in the R&R. Thus, Defendant's Motion for Sanctions, ECF No. 232, is **DENIED** as to Defendant's request for the sanction of dismissal with prejudice.

## IV. Conclusion

For the reasons set forth above, the court **OVERRULES** Defendant's Objections and **ADOPTS AND AFFIRMS IN FULL** the findings and recommendations in the R&R. Accordingly, Defendant's Motion for Sanctions, ECF No. 232, is **DENIED** as to Defendant's request for the sanction of dismissal with prejudice.

The Clerk is **DIRECTED** to send a copy of this Order to Plaintiff and counsel for Defendant.

IT IS SO **ORDERED.**

July **8** , 2025

/s/

Rebecca Beach Smith
Senior United States District Judge