UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FALINE ARNOLD,

        Plaintiff,

v.                                ACTION NO. 2:22cv384

HUNTINGTON INGALLS INCORPORATED,

        Defendant.

## FINAL ORDER

This matter is before the court on pro se Plaintiff's Objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Robert J. Krask. See R&R, ECF No. 319; Objs., ECF No. 321. The R&R recommends that Defendant's Motion for Summary Judgment be granted as to all remaining claims in this action. R&R at 1-39; Mot. Summ. J., ECF No. 299. For the reasons set forth below, the court **OVERRULES** Plaintiff's Objections and **ADOPTS AND AFFIRMS IN FULL** the findings and recommendations set forth in Judge Krask's thorough and well-reasoned R&R. Accordingly, Defendant's Motion for Summary Judgment, ECF No. 299, is **GRANTED**.

### I.   Procedural Background

Plaintiff filed this lawsuit against Defendant, her former employer, and asserted various employment-related claims. Third Am. Compl., ECF No. 52. Defendant moved to dismiss all of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure. Mot. Dismiss, ECF No. 53. The court granted Defendant's dismissal motion in part, but allowed this action to proceed on Plaintiff's Title VII sexual harassment/hostile work environment claim (count one), Title VII retaliation claim (count three), FMLA interference claim (count six), FMLA retaliation claim (count seven), and constructive discharge claim (count eight). Op. at 28-29, ECF No. 73.

Discovery commenced and proceeded in an adversarial manner. See R&R at 3, ECF No. 295 (noting that Plaintiff filed "over 50 motions" and "[t]he court held five hearings to address discovery motions"). On March 21, 2025, Defendant filed a Motion for Sanctions, in which it asked the court to dismiss this action with prejudice based on Plaintiff's failure to comply with her discovery obligations and certain court orders. Mot. Sanctions, ECF No. 232; Mem. Supp. Mot. Sanctions, ECF No. 233. Defendant's Motion for Sanctions was referred to Judge Krask for an R&R. Referral Order, ECF No. 260.

Upon review, Judge Krask determined that Plaintiff acted in bad faith with respect to her discovery obligations, Plaintiff's actions prejudiced Defendant, and a need existed to deter further noncompliance. R&R at 11-25. Although Judge Krask found that sanctions were appropriate, he ultimately concluded that the dismissal of this action was unwarranted and that a "lesser sanction of prohibiting the use of certain evidence [would] be

2

effective to cure [Defendant's] prejudice and deter further noncompliance." Id. at 27-28. Thus, Judge Krask recommended that Defendant's Motion for Sanctions be denied as to Defendant's request for the sanction of dismissal with prejudice, and the court adopted Judge Krask's recommendations. Id. at 28; see Order, ECF No. 313.

Judge Krask also issued a separate Opinion and Order ("O&O") in relation to Defendant's Motion for Sanctions, in which he imposed lesser sanctions on Plaintiff due to her discovery-related failures. See O&O, ECF No. 296. The "lesser sanctions" involved a limitation on Plaintiff's "use of certain designated matters in support of her claims going forward." Id. at 3. In the O&O, Judge Krask provided a detailed list of the documentary evidence that Plaintiff could—and could not—use to support her claims as this action proceeded. Id. at 3-10. Plaintiff objected to Judge Krask's O&O, however, the court overruled Plaintiff's objections and affirmed the O&O in full. Objs., ECF No. 303; Order, ECF No. 305.

On June 4, 2025, Defendant filed a Motion for Summary Judgment, and the motion was subsequently referred to Judge Krask for an R&R. Mot. Summ. J., ECF No. 299; Referral Order, ECF No. 312. On July 29, 2025, Judge Krask entered an R&R, in which he recommends that Defendant's Motion for Summary Judgment be granted as to all of Plaintiff's remaining claims. R&R, ECF

3

No. 319. Plaintiff filed timely Objections to the R&R. Objs., ECF No. 321. Plaintiff also filed a document titled, "Plaintiff's Declaration Verifying Prior Filings" ("Declaration"), and a document titled, "Notice of Filing Declaration Under Penalty of Perjury" ("Notice"). Decl., ECF No. 322; Notice, ECF No. 323. Defendant filed a Response to Plaintiff's Objections. Resp., ECF No. 325.

## II. Legal Standards

### A. Review of a Magistrate Judge's R&R

Rule 72(b)(3) of the Federal Rules of Civil Procedure provides: "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify, in whole or in part, the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); see 28 U.S.C. § 636(b)(1).

Objections to the R&R "must be made 'with sufficient specificity so as reasonably to alert the district court of the true ground of the objection.'" Scott v. Va. Port Auth., No. 2:17cv176, 2018 U.S. Dist. LEXIS 51902, at *6-7 (E.D. Va. Mar. 27, 2018) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). "Objections must also respond to specific errors in the [R&R] because general or conclusory objections are not proper. General or conclusory objections are the equivalent of a

4

waiver." Id. at *7 (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)); see Midgette, 478 F.3d at 622 (noting that if non-specific objections were permitted, "judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined").

### B. Summary Judgment Standard

Summary judgment is appropriate when the court, viewing the record as a whole and in the light most favorable to the nonmoving party, finds there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Austin v. Clark Equip. Co., 48 F.3d 833, 835-36 (4th. Cir. 1995). "Thus, it is the burden of the moving party to show the court that no material factual issues exist for trial." Id. at 835.

A court should grant summary judgment if the nonmoving party has failed to establish, after adequate time for discovery, the existence of an essential element of that party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). At a minimum, the nonmoving party must present "evidence on which the [trier of fact] could reasonably find" for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The nonmoving party must go beyond the facts alleged in the pleadings, and rely instead on affidavits, depositions, or other evidence to show a genuine issue for trial. See Celotex, 477 U.S. at 324; M & M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc., 981 F.2d 160, 163-64

5

(4th Cir. 1992). Conclusory statements, that lack specific evidentiary support, are insufficient. Causey v. Balog, 162 F.3d 795, 802 (4th Cir. 1998).

### III. Plaintiff's Objections

In the introductory section of Plaintiff's Objections, Plaintiff "objects to each adverse finding" in the R&R and claims that all of Judge Krask's summary judgment recommendations are "legally and factually erroneous." Objs. at 2. Plaintiff claims that Judge Krask "[m]isapplie[d] the governing summary judgment standard," "[o]verlook[ed] material record evidence," "[f]ail[ed] to apply controlling precedent," and "[d]isregard[ed] Plaintiff's prior legal arguments and evidence." Id.

The remainder of Plaintiff's Objections consists of twenty numbered statements, several of which include multiple subparts, that accuse Judge Krask of disregarding record evidence, improperly accepting Defendant's characterization of the evidence, improperly framing the factual and legal issues, ignoring the impact of the "[h]eightened [r]isks" associated with the "dangerous maritime construction environment" on Plaintiff's claims, improperly relying on "[p]rocedural [t]echnicalities and [s]anctions Orders" to exclude evidence, disregarding Defendant's discovery misconduct, improperly rejecting Plaintiff's unsworn statements, misapplying the scope of the court's prior sanctions Order, misapplying evidentiary rules, elevating "[f]orm [o]ver

6

[s]ubstance," improperly determining that no triable issues exist as to Plaintiff's claims, misapplying the governing law as to Plaintiff's claims, and failing to conduct an "[i]ndividualized [a]nalysis" of Plaintiff's claims prior to recommending their dismissal.[1]  Id. at 2-35.

---

[1] Judge Krask made certain findings and recommendations regarding summary judgment based on a lack of evidence in the record. See generally R&R, ECF No. 319. In the R&R, Judge Krask noted that Plaintiff "did not submit an affidavit to oppose summary judgment, nor did she swear under penalty of perjury that the factual statements in her statement of facts, her opposition to summary judgment, or her sur-reply are true." Id. at 14; see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (explaining that when opposing summary judgment, the nonmoving party must go beyond the facts alleged in the pleadings, and rely instead on affidavits, depositions, or other evidence to show a genuine issue for trial); Causey v. Balog, 162 F.3d 795, 802 (4th Cir. 1998) (explaining that conclusory statements, without specific evidentiary support, are insufficient to withstand a summary judgment challenge).

In an apparent attempt to cure the evidentiary deficiencies noted by Judge Krask, Plaintiff submitted a Declaration and a Notice along with her Objections. Decl., ECF No. 322; Notice, ECF No. 323. In these filings, Plaintiff now swears, under penalty of perjury, that "all factual statements, assertions, and representations contained" in Plaintiff's previously filed opposition (with attachments), statement of facts, and evidence admissibility chart "are true and correct to the best of [Plaintiff's] knowledge, information, and belief." Decl. at 1-2; Notice at 1-2. Plaintiff appears to ask the court to consider all of this newly sworn evidence in its analysis of Defendant's summary judgment motion. Decl. at 2.

When reviewing a magistrate judge's findings and recommendations, the district court "has discretion to receive new evidence." Vanderheyden v. Peninsula Airport Comm'n, No. 4:12cv46, 2013 U.S. Dist. LEXIS 399, at *37-38 n.12 (E.D. Va. Jan. 2, 2013). However, attempts to introduce new evidence are "disfavored." Virgin Enters., Ltd. v. Virgin Cuts, Inc., 149 F. Supp. 2d 220, 223 (E.D. Va. 2000). The district court "may ignore

7

As noted above, a party's objections to an R&R must be made "with sufficient specificity so as reasonably to alert the district court of the true ground of the objection." Midgette, 478 F.3d at 622. The court finds that many of Plaintiff's Objections, including the objections to "each adverse finding" in the R&R and to all of Judge Krask's "legally and factually erroneous" summary judgment recommendations, are insufficiently specific and therefore improper. Objs. at 2, ECF No. 321; see Midgette, 478 F.3d at 622.

---

belatedly tendered evidence" if there is no "adequate justification for the failure to present the evidence in question earlier." Vanderheyden, 2013 U.S. Dist. LEXIS 399, at *38 n.12; see Lane v. Rozum, No. 3:13cv268, 2017 U.S. Dist. LEXIS 162126, at *2-3 (W.D. Pa. Sept. 29, 2017) (stating that the consideration of evidence generated after the filing of a magistrate judge's report and recommendation "would reduce the role of magistrate judges from evaluating dispositive motions to giving parties advice about what they need to file in the 'real' proceeding before the court").

Here, Plaintiff has not proffered a legitimate justification for her failure to present her newly sworn evidence to the court earlier. Notably, Plaintiff was advised on multiple occasions of the proper procedures for responding to a summary judgment motion and was given opportunities to cure her flawed submissions prior to Judge Krask's consideration of Defendant's motion. See Notice at 1-2, ECF No. 301 (explaining the proper procedures for responding to a summary judgment motion); Reply at 3, ECF No. 311 (noting that Plaintiff's statement of facts filed in opposition to Defendant's summary judgment motion was not signed under oath or sworn to under penalty of perjury); Order at 1-2, ECF No. 315 (allowing Plaintiff the opportunity to file a sur-reply); Sur-reply, ECF No. 316 (failing to include any factual assertions under oath or penalty of perjury). Therefore, the court declines to consider Plaintiff's new evidence in its review of the R&R.

Nevertheless, the court has reviewed all of pro se Plaintiff's Objections and conducted a de novo review of the issues raised by Plaintiff. After careful consideration of the record, the court finds that Plaintiff's Objections lack merit. Additionally, the court agrees with the findings and recommendations set forth in the R&R. Even when viewing the record in the light most favorable to Plaintiff, the court agrees that there is no genuine dispute for trial as to any of Plaintiff's asserted claims. Accordingly, the court **OVERRULES** Plaintiff's Objections and **ADOPTS AND AFFIRMS IN FULL** the findings and recommendations in the R&R. Thus, Defendant's Motion for Summary Judgment, ECF No. 299, is **GRANTED** on all remaining counts, and this civil action is **DISMISSED WITH PREJUDICE**.

### IV. Conclusion

For the reasons set forth above, the court **OVERRULES** Plaintiff's Objections and **ADOPTS AND AFFIRMS IN FULL** the findings and recommendations in the R&R. Accordingly, Defendant's Motion for Summary Judgment, ECF No. 299, is **GRANTED**, and this civil action is **DISMISSED WITH PREJUDICE**. The Clerk shall enter judgment for Defendant. The final pretrial conference scheduled for September 2, 2025, and the jury trial scheduled for September 9, 2025, are hereby removed from the court's docket.

Plaintiff may appeal this Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court,

Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within thirty days from the date of entry of this Final Order.

The Clerk is **DIRECTED** to send a copy of this Final Order to Plaintiff and counsel for Defendant.

**IT IS SO ORDERED.**

August 27, 2025

/s/ RBS
Rebecca Beach Smith
Senior United States District Judge